## Oscar M. Wilson, Appellant, *v.* The Beech Creek Cannel Coal Co.

*Coal lease—Unmerchantable coal—Evidence—Question for jury.*

Under a coal lease the lessee was to mine and ship from the premises certain coal annually and to pay for that quantity whether mined and shipped or not. The lease also provided that should the seam of coal " prove faulty in the strata or unmerchantable in its quality, the said lessee shall have the right to abandon the same, with the right to remove all the improvements by said lessee erected on or under said premises." *Held,* in an action for the rent, the burden of proof being on the lessee to show that the coal was unmerchantable or not to be found upon the premises, that the question was properly one of fact for the jury, there being testimony which if believed justified the jury in finding that merchantable cannelized coal such as was called for by the lease did not exist upon the premises; the court instructing the jury that this was a good defense under the terms of the lease.

Argued Feb. 16, 1898. Appeal, No. 17, Feb. T., 1898, by plaintiff, from judgment of C. P. Clearfield Co., Dec. T., 1892, No. 173, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before RAYBURN, P. J., of the 33d judicial district, specially presiding.

242 WILSON v. COAL CO.

Statement of Facts—Assignment of Errors. [7 Pa. Superior Ct.

The plaintiff executed a lease under seal for all the merchantable coal in what was known as the Soult or cannel seam under a certain tract of land in Clearfield county. Said lease contained a covenant to pay an advance on royalties of $500 and the sum of $250 within sixty days after the expiration of any year until the year 1895. The $500 payment was made but none of the yearly payments falling due in 1890, 1891 and 1892 were made and this suit was therefore brought to recover the same.

On a former trial the court entered a compulsory nonsuit and an appeal being taken to its refusal to take off same, the Supreme Court reversed the judgment holding that the burden of proof is on the lessee to show that the coal was unmerchantable; reported in 161 Pa. 499, in which report also appears the material portions of the lease.

On a subsequent trial of the case the court left the question to the jury as to whether merchantable cannel coal existed in the Soult seam on the property leased.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) refusal of plaintiff's first point, which is as follows: "1. The contract in this case is, in effect, a sale of the coal in place in the Soult seam; the evidence showing that the defendant company had made investigations prior to making this contract, and had made an analysis of the coal, and acted intelligently with the facts known to them, and still retaining the lease in their possession and also the possession of the coal, with all the rights that are given under that contract, the plaintiff is entitled to recover all the payments sued for in this case, with interest from the time they were due and payable to date." (2) Refusal of plaintiff's third point, which is as follows: "3. The court is further requested to charge the jury that the evidence in the case showing that the lessees are now in possession of the coal and of the lease and all rights under the lease, that still if the jury believe from the evidence that the coal was not merchantable, the said lessees would be liable to pay the stipulated price because of the fact that they retained possession of the lease." (3) In answer to defendant's third point, which point and answer are as follows: "3. If the testimony satisfies the jury that the examina-

tions for coal by the company were reasonably sufficient to show that the coal of the kind and quality leased, did not exist upon the plaintiff's property, then there can be no recovery, and the verdict must be for the defendant. *Answer :* That point is affirmed. If you find that to be a fact then your verdict would be for the defendant." (4)·In affirmance of defendant's eighth point, as follows : " 8. In determining this question, it is proper for the jury to consider in connection with the other testimony the fact that sections of the vein found on the Isaac Wilson property have been produced here in court for inspection, and appear to be uncannelized coal, and are shown by uncontradicted proof to be both uncannelized and unmerchantable, and to be sections from the face of the drifts upon the Isaac Wilson property." (5) In affirming defendant's ninth point, as follows : " 9. It is also proper for the jury to consider in connection with the other testimony, the testimony showing the location of the bore holes and the core taken from each, one being but ten inches and the other seventeen or eighteen inches seam, and both being uncannelized; and further that there is no contradiction of the testimony that these bore holes and other tests were sufficient to properly test the property." (6) In affirming defendant's tenth point, which is as follows: " 10. The question of the defendant's liability depends upon the existence of the Soult cannel coal upon plaintiff's premises of a merchantable quality and condition, and there is nothing here that has been said of the possession that would make the defendant liable to the royalty, unless the kind of coal leased is found on the property of a merchantable quality and condition." (7) The charge of the court is inadequate and one-sided. (8) In answer to the request of the jury for further instructions, which, inter alia, was as follows : " The question for you to determine, is first, whether the coal was there as provided in this agreement, that is, cannel coal and merchantable coal, and, as we view the law, if you find the cannel coal is not there it is not merchantable, then it would be your duty to find a verdict for defendant."

*S. V. Wilson,* with him *A. L. Cole,* for appellant.—The main questions in case are raised by the first and second assignments of error.

The appellee defends under that clause of the contract giving

a 'right of abandonment, and their contention seems to be that the right to abandon is as good a defense as an actual abandonment. The lessees were bound to pay for the annual royalty as long as they retained possession and use of the right of way : Bestwick v. Coal Co., 129 Pa. 592.

The court erred in adopting the defendant's theory squarely stated in its tenth point and covered by our sixth assignment of error.

The appellate court will reverse for an inadequate charge : Hudson v. Watson, 2 Pa. Superior Ct. 422 ; Tietz v. Traction Co., 169 Pa. 516.

*Thos. H. Murray*, with him *Allison O. Smith*, for appellee.— The defendant is not liable if merchantable coal did not exist in the Soult or cannel seam of coal and this is a question for the jury : Muhlenberg v. Henning, 116 Pa. 143.

Whether there was abandonment of the premises as provided for by the lease was a question of fact for the jury and their verdict settles that question in favor of the defendant. This is well shown by the very authority cited by the appellant : Bestwick v. Coal Co., 129 Pa. 592.

OPINION BY PORTER, J., April 25, 1898 :

By the document upon which this suit is founded the lessor agrees " to lease and demise unto the said lessee, his heirs and assigns all of the merchantable coal contained in that certain seam known and called the Soult or cannel seam of coal on, under or upon " the tract of land described. The lessee covenanted to pay an advance on royalties of $500 within four months after the execution of the document, and to pay yearly, after June 1, 1890, $250 within sixty days after the expiration of any year until the year 1895. The $500 payment was made. This suit is brought for the yearly payments falling due in 1890, 1891 and 1892.

The agreement also provides that " should seam of coal prove faulty in strata or unmerchantable in its quality, so rendering it impracticable to mine or dispose of the same in reasonable quantity, the said lessee shall have the right to abandon the same, with the right to remove all the improvements by said

lessee, erected on or under said premises, but all advances of royalty paid for coal not mined shall be forfeited to said lessor."

When this case came before the Supreme Court on appeal from a refusal to take off a nonsuit, 161 Pa. 499, Mr. Justice McCollum said: " It may be that a condition such as is described in this clause would constitute a defense to an action for the rent, but the burden of showing that it exists lies on the defendant company. It has the right to mine and dispose of the coal in the Soult seam. In the exercise of this right it may develop a condition which will relieve it from further liability under the lease, but the lessor having parted with his right to mine the leased coal, is not in a position to acquire by his own efforts further information respecting the quality and quantity of it." The defendants in the trial now under review were required to assume the burden thus held to be upon them.

The construction placed upon the agreement by the court below was the correct one. The defendants were obliged under the lease to pay the agreed rental only in case the Soult seam was found upon the premises with the coal in the cannelized condition which gave the coal of the Soult seam its peculiar value. They submitted testimony to show that while the strata continued on to the property leased, yet the particular kind or quality of coal peculiar to the Soult seam, was absent. On this testimony they went to the jury claiming that they were unable to find upon the property, and had therefore not received, that for which they had agreed to pay. The court below instructed the jury that this was a good defense under the terms of the lease. There was no error in this. A further error assigned by the plaintiff is that the charge of the court was inadequate. We can find no fault in the general charge. The question was largely one of fact, and the testimony was fairly discussed and submitted to the jury.

The answers to certain points of charge are also assigned for error. We have examined the evidence, and have scrutinized the points with the answers thereto, with care. The points are ably drawn. The learned trial judge has steered his course among the difficulties presented to him with skill. We cannot find any error that he has committed which would warrant the reversal of the judgment.

Complaint is made that there was not sufficient proof of

abandonment. The testimony of two witnesses for the defendants was to the effect that abandonment was determined upon and that notice thereof was given in a conversation with Isaac Wilson; that Wilson assented, and that papers were to be drawn. This testimony is met by a contradiction on the part of Wilson, but the verdict must be assumed to have determined that the testimony for the defendant was the more credible, and that there was in fact a notice of abandonment under the lease.

We are of opinion that the court below has not been shown to have committed error. The assignments are therefore dismissed and the judgment affirmed.